# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## PALM BEACH DIVISION

Case No.: 9:21-cv-81543

DONNA HILL-GELIN
and JORDAN JOHNSON, by and
through his mother and natural guardian,
ARLENE PHILMORE,

       *Plaintiff,*

v.

ABF FREIGHT SYSTEM, INC.

       *Defendant.*

_____/

## DEFENDANT ABF FREIGHT SYSTEM, INC.'S, RESPONSE TO PLAINTIFF'S MOTION FOR REMAND, INCLUDING REQUESTS FOR RULE 11 SANCTIONS AND REQUEST FOR ORAL ARGUMENT

COMES NOW, Defendant, ABF FREIGHT SYSTEM INC.'s (herein "ABF"), Response to Plaintiff's Motion to Remand (D.E. 3) and State that said motion for remand should be respectfully denied and further requests this Court consider sanctions under Rule 11 with respect to counsel for Plaintiff's activity and further requests oral argument on same. Remand should be denied for the following reasons:

1.  Exhibit 1, which will be the letter of December 2019 from ABF telling the Plaintiffs that the real driver is Ronald Annis. During initial negotiations in this case, the Accident report revealed an error in entering a "Mr. Mark A. Bell" as the driver of the ABF vehicle, this mistake is further emphasized by the fact that the drivers license entered on the accident report was not a CDL license. Furthermore, the vehicle involved in the accident owned by ABF Freight was a tractor-trailer. This chronology of events occurred during initial negotiations with ABF claims representatives who sent a

company letterhead correspondence, attached hereto as "Exhibit 1",[1] advising Plaintiff's counsel all

the way back in 2019 that the correct driver of the vehicle was a one, Ronald Annis. This was sent to

plaintiff's counsel on ABF Company letterhead. It should be noticed that the letter is addressed to co-

counsel of Mr. Jordan, a Mr. Howard J. Klein, and therefore Plaintiff's counsel on both counts were

aware of the correct driver. Further, during this chronology of events, ABF was served with process

in the State Court action of a complaint, which the Plaintiff in spite of knowing the name of the

correct driver decided to sue and serve Mr. Mark A. Bell instead of the correct driver. The complaint

was served on July 7, 2021.[2] During these events, Mr. Bell, who lives in Tampa, filed a fraud

complaint with the investigative department of the Hillsborough Police Department, which again

provided information and data that there was an error on the police report and that Mr. Bell did not

ever lose his driver's license, did not drive a semi, is not qualified to drive one, and was never on the

scene of the accident, or was involved.[3] Plaintiff's counsel in spite of knowing this information

ignored the fact that Ronald Annis was the driver and elected never to sue him to this date or to name

him as a Defendant in any case as the driver in spite of being fully aware of his name and his address,

which is readily available on any basic social network/ google online services available.[4] Mr. Jordan

filed the complaint and totally ignored this and chose to proceed against the Defendants even though

he agreed with Mr. Bell that there would be a "stay", not requiring of him to respond to the initial

complaint.[5] Further, undersigned counsel, Edward A. Nicklaus, informed Mr. Jordan over the

---

[1] See Exhibit 1 "2019 Company Letter sent to Plaintiff Counsel" (letter informed Plaintiff counsel of the correct driver and the incorrect status of the police report)
[2] See Exhibit 2 "Redacted Notice of Service of Process"
[3] See Exhibit 3 "Fraud Investigation Report" (Report obtained through request to Hillsborough County Sheriff's Office.)
[4] See Exhibit 4 "Public Google Search of Ronald Annis" (search done online via Google.)
[5] See Exhibit 3 "Fraud Investigation Report" at pg. 37-38 (within the email thread, Mark A. Bell was notified by, over numerous conversations, that Plaintiff counsel allowed for the indefinite extension until Plaintiff counsel verifies with ABF the driver of the tractor that day. Mark A. Bell also informed the undersigned, on a separate occasion, that he spoke with Plaintiff counsel multiple times over the phone, reiterating the fact that he had nothing to do with this event.)

telephone of the mistake on the police report and advised him that Mr. Annis was the proper driver, as readily admitted to over a year ago and disclosed to him under numerous sources.

2.    On July 22, 2021, the defense filed a motion to dismiss the complaint (D.E. 1-16) in State Court, which was a simple 1-page complaint, deficient in alleging ultimate facts, which the State Court Judge ruled on[6] and was the basis for her dismissal.[7] Plaintiff's counsel, Jordan, persisted in spite of knowing all of the facts and the admission that Mr. Annis was the only driver ever employed by ABF to drive the vehicle at the time of the accident.

3.    Following the motion to dismiss and the dismissal by the State Court judge of the action "without prejudice" there began a bad faith ploy on the part of counsel to proceed as described in the motion for remand and in the documents attached to the Notice of Removal (D.E. 3) that encompass many misstatements of fact, misstatements of law, and a deliberate diversion of the primary simple issues in this case surrounding a error on the police report which was obvious. There are many "misleading" (to say the least) Statements within D.E. 3 that failed to provide any rational reason why this situation exists. First of all, in the continuing chronology of events, Plaintiff's counsel, on August 20, 2021, elected to file an Amended Complaint leaving out Mr. Bell (since the complaint was dismissed, see the order) and suing only the diverse Defendant, ABF Freight System, which is a resident and a citizen of the State of Arkansas, and not the State of Florida.[8] This was the exact moment this litigated matter became removable to this Court's Jurisdiction. It should be pointed out that ABF Freight System had been initially served with summons of the original complaint which was dismissed without prejudice and this first Amended Complaint, filed by Mr. Jordan and Plaintiff's counsel, deliberately left out any driver as a Defendant including the known Mr. Annis and/or Mr. Bell, which he had previously excused from responding to the original complaint. The

---

[6] See D.E. 1-2 (Circuit Court Order Dismissing the Complaint)
[7] See Exhibit 5 "Motion to Dismiss Hearing Transcript"
[8] See D.E. 1-1 (Plaintiff's 1st Amended Complaint filed in State Court)

creation of a fictional and concocted story by Plaintiff's counsel is evident in paragraph 8 of the first Amended Complaint, which alleges somehow that the ABF driver deliberately gave a false driver's license.[9] This is contrary to the Statements given to the Hillsborough Police Department in Exhibit 3 "Fraud Investigation Report". Since ABF had been actually served in the original complaint, a Notice of Removal was immediately filed in timely fashion[10] when this first Amended Complaint was served where Plaintiff's counsel **elected** not to sue any driver including Ronald Annis. It becomes apparent when reviewing the first Amended Complaint that Plaintiff's counsel based upon the saga of his persistence and attempts to create fiction again asserting that somehow the ABF driver gave a false driver's license to a police officer. This is simply not the case and certainly a misrepresentation well known to Plaintiff's counsel to not be the case. The accident report, which is the basis of the Plaintiff's fictional approach, was an obvious error and something that frequently occurs with the computer systems installed in police vehicles. It should be noted again that there is no CDL license and that of course if an officer were to enter a name on the police report intentionally, she would have noted that there was no CDL license and that the truck involved in this accident was a major class A tractor-trailer. Of course, driving such a vehicle requires a CDL license. This coupled with the fact that Plaintiff's counsel had been informed numerous times that the correct driver was Ronald Annis, Plaintiff's counsel still elected to create this fictional and concocted story about the false presentation of the driver's license. Rule 11 of the Federal Rules of Civil Procedure also would be applicable when considering counsel's approach to filing a sham and bad faith allegation in a complaint and deliberately electing not to sue Ronald Annis.

4.   Obviously, now at this point Plaintiff's counsel wants to make an excuse while maintaining his fictional approach as in the first Amended Complaint which was <u>served</u> on defense counsel on

---

[9] See *Id*. at pg. 2 ¶8
[10] See D.E. 1

August 20, 2021[11] and tried to assert that this case is remandable for some reason, when in fact the legal record in this case shows that the first Amended Complaint was served on the undersigned, accepted by counsel, and responded to by answer in the Federal Court along with the Removal. It should be pointed out, there is no affirmative action to prosecute a defense by defense counsel once this case became removable to Federal Court upon the service of the Amended Complaint in State Court on August 20, 2021. [12]

5.      The motion for remand must be denied because the case is <u>a diversity case</u> whose status should be reviewed <u>at the time of the removal</u>, in accordance with Federal Law that will be briefed below. As such, there is no non-diverse defendant at the time of filing, and removal was proper given that ABF is a citizen of the State of Arkansas and the Plaintiff is a citizen of the State of Florida. Moreover, there is a demand as pointed out in the notice to removal in excess of $75,000.[13]

## Relevant Background and Procedural History

6.      The incident arises on May 6, 2019, where a semi, owned by ABF, was backing and allegedly "tapped"/ made contact with the Plaintiff's vehicle occupied by Ms. Gelin and her grandson as a passenger. Only by way of argument can one State that it is potentially a situation where the collision may not have ever occurred.

7.      At the time of the incident, ABF driver Annis was attempting to slowly back in to a local business to make a delivery within the normal course and scope of his employment for that day. The Plaintiffs claim potential injury as a result of this alleged minor incident.

8.      Relevant chronology of pleadings in this case is as follows:

> 07/07/2021          ABF was served with a complaint.[14] Mr. Bell, who lives near Tampa, and was not in the area at the

---

[11] See Exhibit 6 "Service Email With Attached First Amended Complaint"
[12] See D.E.1 "Notice of Removal"
[13] See D.E. 1-3, 4 (the two letters referenced are Plaintiffs "Offer of Proposals" for both Ms. Gelin and the minor child.)
[14] See Exhibit 2 "Redacted Notice of Service of Process"

|            |                                                                                                                                                                                                                                                          |
|------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            | time, was also served with a complaint on a separate date.                                                                                                                                                                                                |
| 07/22/2021 | Defendant ABF filed a motion to dismiss the complaint (See D.E. 1-16) asserting inefficient ultimate facts with regard to maintenance and operation and also due to the wrong defendant driver being named.                                                |
| 08/19/2021 | The Court dismissed the action without prejudice based on the deficient pleadings concerning the ultimate facts with regard to negligent maintenance and operation.[15] Opposing counsel agreed to the language of the order on August 19, 2021 via email correspondence. [16] |
| 08/20/2021 | The order was entered.[17]                                                                                                                                                                                                                                |
| 08/20/2021 | Transcript of hearing prepared, wherein it should be noted that the Court entered a comment that "it sounds like there's an issue going on that if the complaint is dismissed and you filed an Amended Complaint you can sort [the issues] out. . . ." [18] |
| 08/20/2021 | Plaintiff filed the Amended Complaint electing not to bring in any driver, Ronald Annis or Mr. Bell. The Amended Complaint was served on defense counsel on same date.[19]                                                                                  |
| 08/30/2021 | The date this action was removed, in a timely manner, to this Court based upon the requirements prescribed under Federal Law to allow proper Subject Matter Jurisdiction on the bases of Diversity between the parties and reaching the amount in controversy |

---

[15] See Exhibit 5 "Motion to Dismiss Hearing Transcript" at pg. 18:11-25, 19:1-8 (the Circuit Court Judge specifically stated that she did not make any decision outside the four corners of the complaint.)

[16] See Exhibit 7 "Email Thread by Opposing Counsel Agreeing to the Proposed Order" ( Opposing Counsel did not object to the language of the proposed order that was Drafted by the undersigned and ultimately signed by the Circuit court Judge the following day as described above.)

[17] See D.E. 1-2 (Circuit Court Order Dismissing the Complaint)

[18] See Exhibit 5 "Motion to Dismiss Hearing Transcript" at pg. 18:23-25, 19:1-2

[19] See D.E. 1-1 (Plaintiff's 1st Amended Complaint filed in State Court)(the court should know that paragraph 9 therein does mention the correct driver's name, but not as a named party to the lawsuit and does not name him as a defendant.)

requirement of over $75,000 requirement under the law Stated in the Notice of Removal.[20]

9.   At this point it became clear that Plaintiff's counsel was intending to further his bad faith allegation which he had been previously advised that there was an error in the police report and the actual driver was a CDL driver Mr. Annis and various discussions were had by email, but it became apparent that Plaintiff's counsel, Jordan, intended to persist with this fiction, knowing that it is not true and could not be substantiated by any evidence. This bad faith action was continued in spite of the clarification made over a year prior to him filing this in the original lawsuit. It is obvious that Plaintiff's counsel understood the newly Amended Complaint to be controlling and effective as is evident via his August 24, 2021 reply to defense counsel.[21] On August 31, 2021, Plaintiff's counsel again filed a motion for rehearing in the State Court fully knowing that the State Court no longer had jurisdiction and that this matter had been appropriately removed. This effort was rejected by the clerk of the State Court. Now at this point, opposing counsel has obviously taken the exact opposite stance in his motion to remand as compared to the formerly held stance that the Amended Complaint should be enforceable. This is a flip flop approach that should not be tolerated.  In fact, counsel should have, at the time of the first Amended Complaint, named a proper driver, of which he was well informed before this whole saga began. It is obvious that the Defendant, ABF, when responding to the First Amended Complaint with a Notice of Removal had a choice of either responding in State Court or electing to Remove this matter in filing an answer to the First Amended Complaint. Ultimately, Removal was the appropriate professional choice of recognizing service of an Amended Complaint filed in the State Court. Since Plaintiff's counsel **"elected"** to not serve Annis as a proper defendant, he has obviously chosen to create a diverse situation, which gives this Court valid jurisdiction and as further asserted here in the impetus to sanction this fiction that has been put upon the Courts and

---

[20] See D.E 1
[21] See Exhibit 8 "Email Thread Regarding Last Service of Plaintiff's First Amended Complaint" at August 24, 2021, 2:20 PM reply to defense counsel.

caused a great deal of time, effort, and expense. Of course, it could hardly be argued that should ABF have ignored the First Amended Complaint served upon it in the State Court, that Plaintiff's counsel would not have attempted to take a default creating again more unnecessary litigation and effort.

10. As suggested at the motion to dismiss hearing as indicated in the transcript, what Plaintiff's counsel should have done was start from the beginning and sue the correct driver. He elected not to do that and instead elected to substitute the allegation in his Amended Complaint that somehow an innocent professional truck driver would have provided a false driver's license to a police officer in a minor fender bender that is questionable to have even occurred in the first place.

11. Plaintiff, once this case was removed to Federal Court, obviously filed a motion for rehearing again in State Court, which was rejected, attaching a Second Amended Complaint naming an additional defendant in an attempt to destroy diversity. On the same day, both the undersigned and opposing counsel received notice from the clerk that it would no longer accept their docket pleadings due to the fact that the Court had no further jurisdiction.[22] Next, on September 1st, 2021 Plaintiff's counsel filed this Motion for Remand, obviously based upon these further fictions where counsel elected to substitute a concocted allegation about a false driver's license being proposed to a police officer in exchange for naming the true driver, attempting to force this case back to State Court with the posture that it now lacks diversity due to the attached "Second Amended Complaint"[23] that was not authorized by any Court throughout this matter.  It is apparent that through subterfuge and bad faith allegations the counsel for Plaintiff is attempting to add a non-diverse party who he actually knows is not really a necessary part of this lawsuit due to the fact that ABF is the actual vicariously responsible entity in the event that there was ever liability or damages, established by the trier of fact, as a result of the incident referred to on the date of the accident.

---

[22] See Exhibit 9 "clerk issued notice" (notice informed the parties that the clerk cannot accept or docket pleadings as removal had been completed and Circuit Court lacked jurisdiction.)
[23] See D.E. 3 at pg 52. "Second Amended Complaint"

12. Plaintiff now argues that that ABF's Notice of Removal is "premature as the State Court action at this stage is dismissed and leave to amend is not been granted . . . ." [24] This is certainly not accurate. Plaintiff's counsel mixes his efforts in now trying to say that the State Court action was dismissed and his Amended Complaint however is not effective and is desperately attempting to practice still in the State Court and destroy diversity. Now that removal has taken place appropriately, and timely, Plaintiff's counsel is conveniently making the opposite argument that the Amended Complaint is not enforceable. Obviously, Plaintiff's counsel wants to conveniently take the position that his "second Amended Complaint" filed and rejected by the State Court, naming Mr. Annis as a defendant, would be a reason to prevent removal. This will be briefed below.

13. It should be pointed out that in spite of Plaintiff counsel's efforts and allegations there has no attempt to serve Mr. Ronald Annis and that he has not been served to date and that as such the "forum defendant ruling" requirement remains intact. Ronald Annis is easily identified in any number of online google searches, social media websites, including his current contact information.[25] Plaintiff's counsel totally ignores that and wants to maintain his fiction.

14. Any reference herein to Ronald Annis by this defendant, ABF, is not intended to be an appearance for jurisdictional purposes on Annis. These references are only made for informational purposes and to inform this Court of the factual background in this case. There is no jurisdiction over Ronald Annis and no service is yet to be perfected and it should be reiterated that no service of any pleadings to Ronald Annis have ever been made by the Plaintiff despite Plaintiff's counsel having known of his position as the driver of ABF since December 2019.[26]

15. The motion to remand must be denied as there is total diversity between the Plaintiffs and the Defendant, ABF, by the act of the solely permitted First Amended Complaint, that has been

---

[24] See Id. at ¶ 3
[25] See Exhibit 4 "Ronald Annis Google search information"
[26] See Exhibit 1 "2019 Company Letter sent to Plaintiff Counsel" (letter informed Plaintiff counsel of the correct driver and the incorrect status of the police report)

answered in this Court along with the removal. Moreover, remand must be denied as there has been

no service or joinder in any complaint on any non-diverse party.

## ARGUMENT WITH INCORPORATED MEMORANDUM OF LAW

### I.      Removal Under Diversity Jurisdiction and the "Forum Defendant Rule"

16. For diversity jurisdiction to exist, no defendant may be a citizen of the same State as any

Plaintiff.  U.S. Const. art. III § 2.

17. Under 28 U.S.C. § 1332 (a)(1), the U.S. District Courts shall have original jurisdiction of all

civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, and is between citizens of different States.

18. Under 28 U.S.C. § 1441 (b)(2), a civil action otherwise removable solely on the basis of the

jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest

properly *joined* and *served* (emphasis added) as defendants is a citizen of the State in which such

action is brought.  This is known as the "forum defendant" restriction.

19. The right to remove an action which falls within the jurisdiction of the Federal Courts is a

substantial right.  *Jones v. Mosher*, 107 F. 561, 564 (8th Cir. 1901).    *Jones* also holds, "that the

reasonable view of the statute is to consider it 'as, in intention and effect, permitting and requiring

the defendant to file a petition for removal as soon as the action assumes the shape of a removable

case in the Court in which it was brought.'"    *Id*.  The right to remove a cause is evaluated at the time

the Notice of Removal is filed.  *Vera v. Saks & Co.,* 335 F.3d 109, 116 n.2 (2d Cir. 2003) (citing

*Pullman v. Jenkins*, 305 U.S. 534, 537 (1939)). Presently, the undersigned removed this matter

within the appropriate time period given that Plaintiff had amended their complaint, removing the

improper named defendant, MARK A. BELL, and only leaving ABF (the diverse party). Plaintiff

counsel knows full and well that before, during, and after the filing of their original complaint,

MARK A. BELL, had nothing to do with this case. Even after the filing of the initial complaint,

MARK A. BELL informed the undersigned of various instances where he spoke with Plaintiff counsel, informed him of his lack of involvement, and even filed a fraud claim with the Hillsborough Police Department in an attempt to right this wrong that has been created by Plaintiff counsel. [27] As Stated earlier, once the non-diverse defendant was removed from this action, the undersigned deemed it necessary to remove to this Court's jurisdiction and proceed accordingly.

20. Even if the correct ABF driver, Ronald Annis, had been named within the scope course of litigation, removal would still be proper given the fact that Mr. Annis has not been *properly served and joined*.  The U.S. District Courts have a lengthy history of debating the statutory language as applied to the forum-defendant rule when a forum defendant has not been served at the time of Notice of Removal.  *See generally North v. Precision Airmotive Corp.*, 600 F.Supp.2d 1263, 1268-70 (M.D. Fla. 2009).

21. "By its terms, the forum-defendant rule applies only if a forum defendant has been 'properly joined and served.'"  *Goodwin v. Reynolds*, 757 F.3d 1216, 1220-21 (11th Cir. 2014).  The 11th Circuit has held that the forum defendant must have been both joined *and* served in order for the forum defendant rule to be applicable.  *Id.*

22. Causes have been deemed properly removed from State to Federal Court when a forum defendant goes unserved throughout many U.S. District Courts, including the District Courts which fall under 11th Circuit Court of Appeals jurisdiction.[28]

---

[27] See exhibit 7 "Hillsborough Police Department Fraud Claim" (file directly shows how there was no way MARK A. Bell could have been involved in this incident absent mistake by the intake officer. Plaintiff counsel obviously was faced with an issue that needed to be remedied, thus, being the reason for removing Mark a bell's name as a named party in this matter.)

[28] *See, e.g., Bivins v. Novartis Pharm. Corp.*, WL 2496518 (D.N.J.  2009); *Carman v. Bayer Corp.,* 2009 WL 1649715 (N.D. W. Va. 2009); *Taylor v. Cottrell, Inc.,* 2009 WL 1657427 (E.D. Mo. 2009); *Copley v. Wyeth, Inc.,* WL 1089663 (E.D. Pa. 2009); *North v. Precision Airmotive Corp.,* 600 F. Supp. 2d 1263 (M.D. Fla. 2009); *Brake v. Reser's Fine Foods, Inc.,* WL 213013 (E.D. Mo.  2009); *Hutchins v. Bayer Corp.*, WL 192468 (D. Del. 2009); *Vitatoe v. Mylan Pharm., Inc.,* WL 3540462 (N.D. W. Va. 2008); *Bolin v. SmithKline Beecham Corp.,* WL 3286973 (S.D. Fla. 2008); *Valerio v. SmithKline Beecham Corp.,* WL 3286976 (S.D. Fla. 2008); *In re Fosamax Prod. Liab. Litig.,* WL

23. Congress added the "properly joined and served" language to the statute in 1948, without an explicit explanation for the addition.  *See* 28 U.S.C. § 1441 (1948) reviser's notes; H.R.Rep. No. 80–308 (1947), as *reprinted in* 1948 U.S.C.C.S. Many district Courts have interpreted this addition as an effort to prevent gamesmanship by plaintiffs.(emphasis added)  *Goodwin*, 757 F.3d 1216 at 1221. These District Courts believe that the purpose of the language is "to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom [the plaintiff] does not intend to proceed, and whom [the plaintiff] does not even serve."  *Sullivan v. Novartis Pharm. Corp.*, 575 F.Supp.2d 640, 645 (D.N.J. 2008). The 11th Circuit Court of Appeals finds this interpretation "persuasive." *Goodwin*, 757 F.3d 1216 at 1221.

24. Here, opposing counsel is alleging that the undersigned is playing games due to the action of the removal of this matter. The simple look at the pleadings and exhibits attached within the Notice of Removal (D.E.1) clearly shows that the only diversion and change of course being played out here is in fact those by the plaintiff's counsel in an attempt to prevent this matter from being tried in this Federal District Court.

25. The general rules of statutory interpretation dictate that where the statute is clear and unambiguous, the Courts should give these words their plain meaning when applying that law.  (*See* 73 Am. Jur. 2d Statutes § 124 (2010) (citing *Symmes Twp. Bd. of Trs. V. Smyth*, 721 N.E. 2d 1057 (Ohio 2000)). Here, what is clear an unambiguous is the fact that Plaintiff's first Amended Complaint served on ABF counsel made the case removable pursuant to the applicable Federal Rules of Civil

---

2940560 (S.D.N.Y. 2008); *Masterson v. Apotex, Corp.,* WL 2047979 (S.D. Fla. 2008); *Johnson v. Precision Airmotive, LLC*, WL 4289656 (E.D. Mo. 2007); *Ripley v. Eon Labs Inc.,* 622 F. Supp. 2d 137 (D.N.J. 2007); *Yocham v. Novartis Pharm. Corp.,* 2007 WL 2318493 (D.N.J. 2007); *Cucci v. Edwards,* 510 F. Supp. 2d 479 (C.D. Cal. 2007); *Waldon v. Novartis Pharm. Corp.*, WL 1747128 (N.D. Cal. 2007); *Thomson v. Novartis Pharm. Corp.,* WL 1521138 (D.N.J. 2007); *City of Ann Arbor Employees' Retirement Sys. v. Gecht,* WL 760568 (N.D. Cal. 2007); *Frick v. Novartis Pharm. Corp.,* WL 454360 (D.N.J. Feb. 23, 2006); 2003); *Bridgestone/Firestone, Inc.,* 184 F. Supp. 2d 826 (S.D. Ind. 2002).

Procedure all cited within Defendant, ABF, removal and laws cited in the Notice of Removal. (See D.E. 1). Each step and requirement was followed as diversity was fulfilled as soon as plaintiff filed and served their "first Amended Complaint." As mentioned earlier and *Vera*, if this Hon. Court determines the *status of the parties at the time of removal*, it will find that removal was proper. Moreover, given the status of the pleadings <u>at the time of removal</u>, the undersigned's actions were also proper given the ripeness and timeliness of removal. The Federal rules on removal are clear and unambiguous and the undersigned made sure to follow up on the right to removal since the "master of the complaint", the Plaintiff, did not elect to include the non-diverse party.

## II.   <u>Plaintiff should be subject to sanctions for violation of Rule 11 Federal Rules of Civil Procedure as well as Florida State Rule 2.515</u>

26. By presenting to the Court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. Fed. R. Civ. P. 11(b).

27. Florida Rules also have a similar stance when it comes to the signature and certification of an attorney when completing, drafting, and presenting documents to the Court. Florida Rule of General

Practice And Judicial Administration, specifically, Rule 2.515 (formerly cited as FL ST J ADMIN

Rule 2.060) States that:

> "Every document of a party represented by an attorney shall be signed
> by at least one attorney of record in that attorney's individual name . .
> . The signature of an attorney shall constitute a certificate by the
> attorney that: (1) the attorney has read the document; (2) to the best of
> the attorney's knowledge, information, and belief there is good
> ground to support the document; (3) the document is not interposed
> for delay; and (4) the document contains no confidential or sensitive
> information . . . . If a document is not signed or signed with intent to
> defeat the purpose of this rule, it may be stricken and the action may
> proceed as though the document had not been served."

28. In this matter, Plaintiff counsel now reversing course contends that he "intended" to add the

ABF driver, provided that ABF submit responses to discovery (submitted in State Court) as to the

full identity of the driver employee . . . [who] falsely submitted [his information] to the accident

investigating officer.[29] This wrongful belief that plaintiff counsel continues to rely on is a complete

fabrication of events unsupported by any actual evidence. Plaintiff relies on the accident report (D.E.

3 at pg. 15) as the smoking gun showing that the ABF driver in fact provided fraudulent information.

This extensive effort is something still persistently followed up and wrongfully "alleged" by

plaintiff's counsel even despite defendant, ABF, providing the actual name of the actual driver since

December of 2019.[30] Moreover, plaintiff's counsel has been notified by the wrongfully named party,

Mark A. Bell, of his lack of involvement on multiple occasions.  Plaintiff counsel has even had

conversations with the undersigned instructing him of the wrongfully named driver, and among many

other instances including the Hillsborough Fraud Investigation that plaintiff counsel has always had

the opportunity to do the right thing and avoid his further vexation tactics. Plaintiff refuses to do so.

Such an effort was only pursued in a borderline bad faith manner especially when the confusion

---

[29] See D.E.3 at pg. 2 ¶ 3, subparagraph 2.
[30] See Exhibit 1 "2019 Company Letter sent to Plaintiff Counsel" (letter informed Plaintiff counsel of
the correct driver and the incorrect status of the police report)

could have been cleared up with a simple Google or social media search that would have revealed Ronald Annis' contact information, including his address.

29. The undersigned conducted a simple Google search of the driver, Ronald Annis, and not only found information showing that Ronald Annis is currently a driver for ABF, there is also an address in which Ronald Annis could be contacted at.[31] If plaintiff counsel knew all along the correct driver's name, this only begs the question of why the correct driver's name was not placed within the <u>original</u> complaint prior to removal of this action. The undersigned's client, ABF, informed opposing counsel of Mr. Annis over a year and a half ago. This continued approach is not in good faith, both in never recognizing the correct driver as well as now trying to avoid removal.

30. The undersigned is compelled to let this Court know that counsel for the plaintiff Jordan made an improper and false representation regarding the meet and confer requirements prior to filing their motion for remand. The exact Statement "the [plaintiff counsel] hereby certifies that, <u>prior</u> to the filing of [their] motion, [they] ha[ve] conferred in writing with opposing counsel in a good faith effort to resolve by agreement the issue raised herein and has been unable to do so." [32] This was simply untrue. In typical fashion, the "effort to resolve" only came <u>after</u> (emphasis added) the filing of their motion for remand. Opposing counsel called the office of the undersigned hours after plaintiff had filed their motion for remand. When questioned about the reasoning behind a failure to meet and confer before their filing, plaintiff counsel simply blamed it on "employee error." This is hard to believe as the anger portrayed by Plaintiff counsel throughout the course of litigation has been nothing short of contentious, given the undersigned's effort.

31. Additional misrepresentations need to be pointed out. In short, plaintiff counsel cites  case law "*Elkhart Coop. Equity Exchange v. Day*, 716 F. Supp 1384 (D.Kan. 1989)" as well as "*Hayduk v. UPS Inc.*, 930 F. Supp 584 (S.D. of Fla 1996)." In *Elkhart*, removal was conducted on the basis

---

[31] See Exhibit 4 "Ronald Annis Google search information"
[32]  See D.E.3 at pg. 9.

that a defendant's cross-claim was a separate and independent claim from the causes of action and the Court would have original diversity jurisdiction if the cross-claim were the only cause of action and that case. Moreover, plaintiff counsel cites *Elkhart* in trying to represent to this Court that the removal statute 28 U.S.C. section 1441 was enacted to restrict the right to removal. While this is a correct Statement, it is being asserted in the wrong fashion. *Elkhart* notes that 28 U.S.C. §1441 <u>*subsection (c)*</u> involves "joinder of <u>Federal Law claims</u> and State Law claims."  28 U.S.C. §1441 <u>*subsection (c)*</u> notes that "a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed in the district Court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction." This simply does not apply to the facts in this case nor does it apply to the removal lawfully done by the undersigned. On the other hand, 28 U.S.C. §1441 **subsection *(b)*** was one of the primary basis for removal in this matter since **subsection *(b)*** references "removal *based on diversity of citizenship*"(emphasis added) and <u>not</u> a joinder of Federal law claims as in *Elkhart*. Therefore plaintiff citation is not applicable to this case. Next, plaintiff counsel Jordan cites the case of *Hayduk* but failed to mention that said case law deals with yet another claim being brought by a third party involving a <u>Federal Question</u>. The case of *Hayduk* does not have anything to do with Diversity of Citizenship. Defense counsel does agree with *Hayduk* that the "removal statutes must be construed narrowly" and if such an effort is done in this case, then one would find all conditions at the <u>time of removal</u> comply with the requirements of Federal Subject Matter Jurisdiction on the basis of <u>Diversity Jurisdiction.</u>.

32. Plaintiff contends that although "defendants have a right to remove in certain situations, "plaintiff is still the master of his own claim."" (See D.E.3 at pg. 5:7 (citing *Burns*)). As the master of their own claim, plaintiff had all the availability and knowledge long ago to be able to cite/name the correct ABF driver not only in the original complaint but in the first Amended Complaint also, yet

failed to do so. As Stated earlier, it is not the responsibility of the undersigned and/or ABF to dictate how plaintiff should elect his claim. The undersigned simply evaluated the pleadings as presented and conducted ourselves in accordance with the applicable laws available and as of right selected this Federal Jurisdiction.

33. Plaintiff contends that "the appropriate trigger for removal under §1446 (b) is the filing of a complaint giving rise to Federal jurisdiction: "we decline to designate the date on which the State Court grants leave to amend as the event which triggers the 30 day removal period . . . ."[33] The issue with this referenced Statement and citation falls on 2 reasons; 1) Plaintiff's motion within *Stauffer* was actually overruled and remand was not granted; 2) Plaintiffs use of §1446 (b) completely disregards and ignores removal under **§1446 (b) (3)**. While the general requirements for §1446(b) discuss the Notice of Removal after receipt of the "initial pleading", **§1446 (b) (3)** references the fact that "if the case Stated by the initial pleading is not removable, a Notice of Removal may be filed within 30 days <u>after receipt by the defendant, through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable</u>." This is the exact basis for why the undersigned cited 28 U.S.C.A. §1446 within its Notice of Removal given that the <u>First Amended Complaint</u> was the <u>first ascertainable moment</u> that the current litigated matter could be removed to this Court's jurisdiction. What plaintiff counsel and his motion to remand fails to do is fully vet the law because doing so would in fact validate the undersigned's argument as to why removal is proper.

34. Yet another example of a miss use of case law within D.E.3 to be found on pg. 6 lines 1 through 5. Plaintiff cites the case *Barwick v. Eslinger* , No. 6:12– CV–635–J–37DAB, 2012 WL 165-6736, at*2 (M.D. Fla. May 10, 2012) referencing the general stance that "Courts have favored remand of cases in which a motion to amend remains pending at the time of removal." There is a

---

[33] See D.E. 3 at pg. 5 lines 21-23 citing *Miller v. Stauffer chem. Co*., 520 7F Supp 755, 776 (D.Kan. 1981).

major fact with this citation that should be dismissed when used in reference to this underlying matter.   At the time of removal, plaintiff had in fact served the undersigned with an already completed and filed First Amended Complaint (which triggered removal).[34] Plaintiff's motion for rehearing and motion for leave to amend, filed on August 27, 2021, 3 days before the undersigned's removal, was in fact a _moot_ issue given the fact that the First Amended Complaint had already been filed. In essence, plaintiff's contention that removal is not proper and remand is appropriate due to a pending motion to amend is unnecessary and a sham or void pleading especially given the fact that the judge had already expected an amendment during the hearing on August 19, 2021 granting defendant's motion to dismiss.[35]

35. Plaintiff counsel claims he "intended" on adding the driver. Defendants are not responsible for dictating who Plaintiff names as parties within their pleadings, as they are in fact the master of their own complaint. With the motion for remand, plaintiff counsel is now trying to change his intent to the detriment of the defendant, ABF, to avoid this Court's jurisdiction and not in the interest of justice. The only outcome to any remand would be that of unnecessary delay, harassing behavior, and an increase in the cost of litigation, and a misdirection away from the actual procedural and substantive facts within this case.

36. Moreover, Plaintiff argues that he did "not realiz[e] that no leave to amend had been included. . . ."[36] This is disingenuous at best. Counsel's actions and stances posited within the record show quite the opposite. A simple reading of the pleadings and record within this matter and all exhibits to removal clear a roadmap that portray the inconsistencies and manipulations.  Therefore, Remand should be denied.

---

[34] See D.E. 1-1 Plaintiff's First "Amended Complaint" (Amended Complaint filed in the state court docket on August 20, 2021, prior to the removal that took place 10 days later.)
[35] See Exhibit 5 "Motion to Dismiss Hearing Transcript" at pg. 18:23-25, 19:1-2.
[36] See  D.E. 3 pg. 3

37. As for the removal of this matter, "A removing defendant's counsel is bound by Rule 11 to file a Notice of Removal only when counsel can do so in good faith." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 n.63 (11th Cir. 2007).

38. The undersigned counsel, Edward R. Nicklaus, has over Fifty (50) years of legal practice and experience as a member of the Florida Bar and Forty-nine (49) years in this Federal Court, and affirms that the Notice of Removal filed in this cause was not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, but instead on the good faith belief and legal authority that the removal was proper under the statute and in accordance with rulings of the district Courts, including the Middle and Southern District Courts of Florida. *See Goodwin v. Reynolds*, 757 F.3d 1216, 1220-21 (11th Cir. 2014); *Valerio v. SmithKline Beecham Corp.,* 2008 WL 3286976 (S.D. Fla. 2008); *Masterson v. Apotex Corp.,* 2008 WL 2047979 (S.D. Fla. 2008); *North v. Precision Airmotive Corp.*, 600 F.Supp. 1263 (M.D. Fla. 2009).

39. Removal of this action was sought in good faith and predicated on the belief that it is in the best interest of Non-forum Defendant, ABF FREIGHT SYSTEM, INC., a major Provider of Transportation and Logistical Services whose corporate headquarters and principle place of business is located in the State of Arkansas, and not of Florida, to exercise its right to Federal Jurisdiction as a non-forum defendant in this cause.  Defendant, ABF FREIGHT SYSTEM, INC., is the financially responsible party as the employer of the driver, Ronald Annis.

40. The Notice of Removal in this cause, filed August 30, 2021, was filed in good faith and with the intention of invoking and bringing this case to Federal Jurisdiction on behalf of Defendant, ABF FREIGHT SYSTEM, INC., as it is in essence a controversy between the Plaintiff, who is a citizen of Florida, and the financially responsible Defendant ABF FREIGHT SYSTEM, INC., a citizen of the State of Arkansas. To this day, Ronald Annis has not been served with any Complaint, and there is not any known concerted effort on the part of the Plaintiff to serve him.

41. The entirety of financial responsibility falls on ABF, a major Provider of Transportation and Logistical Services and non-forum defendant per FMCSR 49 CFR Part 387.  As a major Provider of Transportation and Logistical Services, they (as many others) will have the adequate Insurance coverage that will provide payment for any Judgment, given their status as a self-insurer with ample coverage required by Federal Motor Carrier Safety Regulations for incidents such as the one alleged in this case. All insurance information will be provided as part of defendant, ABF, initial disclosures. From a financial standpoint, Ronald Annis is not a true "party in interest" to the lawsuit.

## **REQUEST FOR HEARING**

42. The request for hearing is in accordance with local rule 7.1 (b) (2) which States "a party who desires oral argument or a hearing of any motion shall request it within the motion or opposing memorandum in a <u>separate section</u> entitled "Request For Hearing"". The detailed reasons why hearing is desired and would be helpful to the Court are as follows below.

43. It is the undersigned's belief that this Court will be better equipped to understand the climate within this litigated matter, but more importantly, to better support the interest of justice by seeing firsthand the stance of the Plaintiff. The undersigned believes that This Court will be able to clear any confusion that has been presented in the event there are questions that have not been adhered to.

44. The estimated time required for the argument is 30 minutes or any other time that this Court deems appropriate.

WHEREFORE, based on the above reasons and law, Defendant, ABF, requests this Honorable Court deny Plaintiffs' Motion to Remand, impose any sanctions deemed appropriate, and/or impose any further relief deemed just and proper.

Dated: September 15, 2021.

BY: __*/s/Edward A. Nicklaus*__
**EDWARD R. NICKLAUS, ESQ.**
Florida Bar No.: 138399
edwardn@nicklauslaw.com

**EDWARD A. NICKLAUS, ESQ.**
Florida Bar No.: 1020017
eddyn@nicklauslaw.com
**NICKLAUS & ASSOCIATES, P.A.**
4651 Ponce de Leon Blvd., Suite 200
Coral Gables, Florida 33146
Telephone: 305-460-9888
Facsimile:  305-460-9889
*Attorneys for Defendant,*
*ABF Freight System, Inc.*

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served per Rule 5 of the Federal Rules of Civil Procedure and all other applicable Federal Rules of Civil Procedure, via the CM/ECF system and/or email, on this 15th day of September, 2021, on all counsel or parties on the Service List below.

BY:   */s/Edward A. Nicklaus*
**EDWARD R. NICKLAUS, ESQ.**
Florida Bar No.: 138399
edwardn@nicklauslaw.com
**EDWARD A. NICKLAUS, ESQ.**
Florida Bar No.: 1020017
eddyn@nicklauslaw.com
**NICKLAUS & ASSOCIATES, P.A.**
4651 Ponce de Leon Blvd., Suite 200
Coral Gables, Florida 33146
Telephone: 305-460-9888
Facsimile:  305-460-9889
*Attorneys for Defendant,*
*ABF Freight System, Inc.*

## SERVICE LIST

**Roy W. Jordan, Jr., Esquire**
**Roy W. Jordan, Jr., P.A.**
1675 Palm Beach Lakes Blvd., Ste. 700
West Palm Beach, FL 33401
Tel: (561) 471-5505
Fax: (561) 478-1498
rjordan@rjordanlaw.com
vanessa@rjordanlaw.com
*Attorneys for Plaintiffs,*
*Donna Hill-Gelin and Jordan Johnson,*
*by and through his mother and natural guardian,*
*Arlene Philmore*