```
 1                    IN THE CIRCUIT COURT OF THE
                     FIFTEENTH JUDICIAL CIRCUIT, IN
 2                   AND FOR PALM BEACH COUNTY, FLORIDA

 3
                     CASE NO.:  502021CA006425XXXXMB
 4

 5      DONNA HILL-GELIN
        and JORDAN JOHNSON, by and
 6      through his mother and natural guardian,
        ARLENE PHILMORE,
 7
                 Plaintiffs,
 8
        vs.
 9
        ABF FREIGHT SYSTEM, INC. and
10      MARK A. BELL,

11               Defendants.

12      _____/

13

14      LOCATION:   Remote Audio-Video Communication
                    Pursuant to Supreme Court of Florida
15                  Administrative Order No. AOSC20-23

16
        DATE:       August 19, 2021
17      TIME:       9:15 a.m. - 9:37 a.m.

18

19           The above-entitled cause came on for

20      hearing before the Honorable Judge Paige Gillman,

21      before Ashley Muñoz, Florida Professional Reporter,

22      Notary Public for the State of Florida at Large.

23

24

25
```

EXHIBIT

5

www.jeanniereporting.com
305-577-1705

2

```
1    APPEARANCES:

2

     ON BEHALF OF THE PLAINTIFF:
3    ROY W. JORDAN, JR., PA.
     1615 Forum Place
4    Suite 200
     West Palm Beach, Florida 33401
5    BY:  Roy W. Jordan, Jr., Esquire

6    ON BEHALF OF THE DEFENDANT:
     NICKLAUS & ASSOCIATES, P.A.
7    4651 Ponce de Leon Blvd.
     Suite 200
8    Coral Gables, Florida 33146
     BY:  Edward R. Nicklaus, Esquire
9         Edward A. Nicklaus, Esquire

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
1                    (Thereupon, the following proceedings
2          were held:)
3                    THE COURT:  Can we have appearances,
4          please.
5                    MR. JORDAN:  Roy Jordan for the
6          Plaintiff, your Honor.
7                    MR. NICKLAUS:  Good morning, your Honor.
8          This is Edward Nicklaus on behalf of ABF, the
9          Defendant.
10                   MR. A. NICKLAUS:  Good morning, your
11         Honor.  Edward A. Nicklaus on behalf of the
12         defense as well.
13                   THE COURT:  All right.  So we are set,
14         it looks like on two matters on a UMC docket and
15         motion to dismiss and a plaintiff's motion to
16         approve interrogatories, correct?
17                   MR. NICKLAUS:  Yes, your Honor.  Thank
18         you very much.  I appreciate your time this
19         morning, and I guess being at the end of the
20         calendar that maybe I don't know if it gives us
21         a little more time more than five minutes.  We
22         shouldn't be.
23                   THE COURT:  Not really.  You shouldn't
24         have set it here, especially two motions.  So
25         let's go ahead.
```

1          MR. NICKLAUS:  Your Honor, on behalf of

2     ABF I represent, it's a large motor carrier

3     that's involved in this case as the defendant,

4     but actually we shouldn't be here.  This is our

5     motion to dismiss the complaint and we have a

6     complaint that was filed here on May 20th of

7     2021.  It was just filed in May of this year.

8     This involves an accident, it goes back to

9     May 6, 2019.

10          The complaint is really about a page and

11     a half, almost two pages of looks like what is a

12     form from the form book and I have three basis

13     to dismiss the complaint that we have presented

14     in our motion, and I do address the four corners

15     of the complaint with regard to the three

16     grounds.  One of the grounds is the fact that

17     the plaintiff alleges negligent operation on

18     behalf of the driver of the company and the

19     negligent maintenance.  The second, that's on

20     the first two grounds, and there are no facts

21     really pled other than those words.

22          The second thing is and more importantly

23     I'd like to start at this point in my argument

24     is that he sued the wrong driver.  Apparently,

25     and what happened in this case is, he cited the

1    defendant a Mark A. Bell as a defendant and he

2    alleges in the complaint that Mr. Bell is

3    employed by ABF and that he was operating an ABF

4    tractor-trailer at the time of this accident.

5    This is a small backing collision that occurred

6    back in 2019.  The actual driver in this case we

7    have told opposing counsel and he has been

8    dealing pre-suit with our client and our

9    client's claim representatives for almost two

10    years now.  We told him that the name of the

11    driver is a Mr. Annis and we told him and gave

12    him the name of that driver.  And on

13    December 5th, 2019 we filed a letter, a notice

14    of filing.  Our claims representative on a

15    letterhead from the company advised the

16    plaintiff's counsel, Mr. Jordan, and advised his

17    co-counsel, I believe Mr. Klein that Ronald

18    Annis, A-N-N-I-S, is the driver and then the

19    police had made a mistake on the accident

20    report.  Again, the accident report is not

21    admissible evidence either.

22          We shouldn't really even be here, and

23    let me get my reasons for telling you this.

24    Plaintiff's counsel persist in leaving Mr. Bell

25    as a defendant in this case, although he's been

1    aware in writing before he filed the lawsuit.

2    He's been aware many times being told by my

3    co-counsel here Edward Nicklaus.  Slight

4    relation to me but pretty close, Judge, I've

5    known for 29 years.  But anyway, the bottom line

6    is is that counsel knew this and he persist

7    about it and it's a little distasteful for me to

8    say this, but the rules of judicial

9    administrative, Rule 2.515 requires a lawyer,

10   and it says that a signature of an attorney

11   shall constitute a certificate by the attorney

12   that:  To the best of his knowledge,

13   information, and belief there is good grounds to

14   support the document.

15        Let's go to this complaint, and with

16   regard to the third tier, and I consider it the

17   most important tier of our motion to dismiss.

18   Mr. Jordan was well aware that the proper name

19   of the defendant was Mr. Annis.  He refuses to

20   dismiss Mr. Bell.  We also were aware, and I

21   should mention to you and I'm not going really

22   outside of the four allegations of the

23   complaint, which counsel seems to want to

24   completely rely on, but the Court should be

25   aware that under Rule 57.105 that any time upon

1 either the Court's initiation or counsel's

2 initiation that the Court finds that the

3 attorney knew or should have known that a claim

4 or defense when initially presented in the Court

5 at any time was not supported by the material

6 facts necessary to establish a claim.  That

7 57.105 really applies.

8   I didn't want to file a sanctions motion

9 or anything else, because counsel all he really

10 has to do, like he did before, is name Mr. Annis

11 as the defendant in the case, although he has

12 not been served.  He couldn't be served because

13 he is not named, he's not a party.  So what

14 happened here is that when we ask him, look, why

15 don't you name the right defendant, you were

16 aware?  He persists.  He violates the rule that

17 says that when he signs something he has good

18 grounds to sign it.  So the complaint really is

19 inaccurate in all respects.  We also understand

20 that again outside the record I might say, that

21 Mr. Bell has been given an extension of time by

22 Mr. Jordan, but Mr. Jordan won't dismiss him.

23 Mr. Jordan, and even in his own pleadings which

24 he filed in this case admits that the police

25 officer when filling out the accident report put

1    in error put Mr. Bell's name on there.  Since

2    that time Mr. Jordan, plaintiff's counsel, has

3    been well aware that the driver of this

4    tractor-trailer at the time of this incident was

5    Mr. Annis.

6         I think what we should ask for really

7    with regards to the complaint should be

8    dismissed.  Plaintiff's counsel should start

9    over.  He should name Mr. Annis.  He doesn't

10    need an address or anything else to name

11    Mr. Annis as a defendant, just like he named

12    Mr. Bell and we proceed from there.  And the

13    other grounds for the motion to dismiss is this,

14    and it's important because Mr. -- the driver,

15    Mr. Annis, is not here in the case.  We don't

16    represent Mr. Bell, and the driver in this case

17    would have an opportunity to address himself

18    some of the personal obstructive discovery

19    that's been served, which is a matter of the

20    second motion here.

21         In any event, he says we're negligent in

22    operation.  There's no facts on my first tier to

23    support that allegation to how the accident

24    happened or any facts that enable us or anyone

25    else to prepare a proper response.  And they

```
1        also allege vicarious liability on part of
2        Mr. Bell in the complaint and we can't address
3        that either because on a motion to dismiss
4        Mr. Bell is not our driver.  We don't even know
5        the guy, bottom line is.  And then the third
6        thing they allege vicarious liability and the
7        only thing they allege about that is he is
8        employed by ABF.  Bell is not employed by ABF.
9        It's a real simple matter, your Honor.
10            It's just something that I think the
11       Court should be aware of.  The complaint should
12       be dismissed.  The plaintiff should simply be
13       required to start all over.  And with regard to
14       that on the negligent maintenance issue we can't
15       even prepare a response on behalf of that.  I
16       mean, what if there's some allegation he has
17       about some defects with the vehicle, which we're
18       not aware of, but we have to address that with
19       regard to whether or not there's a conflict
20       between any potential driver and the company.
21       So we really can't even frame a response to the
22       complaint with regards to a nonentity named as
23       our driver.  So the complaint should be
24       dismissed based on that.  It should also be
25       dismissed based upon the rules of judicial
```

1    administrative.  Counsel knows well.  I don't

2    know why he persists in doing that, it's a

3    little distasteful for me to bring that up.  I

4    think it is a 57.105 issue.  I don't want to

5    even file a motion with regard to that, but we

6    will.  The Court can bring it up at any time.

7            THE COURT:  Thank you, Mr. Nicklaus.

8    Thank you.  All right.

9            MR. JORDAN:  Hi, your Honor.

10            THE COURT:  Mr. Jordan.

11            MR. JORDAN:  Yes, your Honor.  The

12    complaint states a cause of action.  It states

13    that the Defendant, ABF Freight System owned the

14    truck that was involved in the accident and that

15    Mr. Bell was an employee of theirs.  He was

16    listed and is listed as the person driving the

17    vehicle on the accident report.  So in addition

18    to that, you know, in looking at the four

19    corners of the complaint, I need to know and the

20    defendants and defense counsel has refused to

21    provide me with supposedly who this guy is,

22    Mr. Annis or whatever his name is, and his

23    address whether he is currently employed or not.

24    They refuse to answer the interrogatories that

25    would provide that information.  You know, I

1      could add -- I can amend the complaint, but I

2      can't just take their word for the fact that an

3      unverified thing that this is the person that

4      actually was involved in the accident.  So I

5      don't know where Mr. Nicklaus comes up with the

6      idea that this is a 57.105, but I'm frankly

7      offended by this.

8            You know, the rules require that the

9      four corners of the complaint, and it's the only

10     thing that you look at in terms of a motion to

11     dismiss.  The complaint follows the standard

12     Florida form as far as stating a cause of

13     action.  I think I submitted that in my response

14     to you, the actual claims to begin with.  So the

15     point is that they are now entitled to file an

16     answer and say that they don't believe that

17     Mr. Bell was a defendant and they need to

18     provide the discovery that exists regarding who

19     this person is, and I frankly wonder how in the

20     world that this truck driver for ABF Freight

21     provides Mr. Bell's driver's license and

22     information regarding the fact that he was

23     driving the vehicle at the time of the accident.

24     So they want to basically skip all the

25     pleadings, skip all the discovery, and go

1   directly into a motion for summary judgment.

2   That's not what this is about.

3          So the motion to dismiss should be

4   denied in terms of that is concerned.  Now, as

5   far as interrogatories are concerned they refuse

6   to answer the interrogatories that I've served

7   with the complaint that would provide the

8   information that exists from having to do with

9   who this driver was.  If they want to claim -- I

10  don't know in terms of this 2019, my co-counsel

11  doesn't verify that there was any document that

12  was ever sent to him back in 2019 relating to

13  this being another person.  I understand that

14  it's their position now that some mistake was

15  made on that, but I need to know so that I can

16  make a proper party.  How am I supposed to serve

17  somebody that I don't even know, you know, his

18  street address.  I've asked for the driver's

19  license and stuff that's concerned, and et

20  cetera.  None of this is sworn testimony that's

21  provided and it's totally outside of the scope

22  of what is admissible and is in relationship to

23  that.

24         So I would like your Honor to require

25  them to answer the interrogatories.  I served 30

```
 1          interrogatories and they've announced even
 2          before doing anything when I asked for, okay,
 3          who is this person and asked them to provide me
 4          with that information, they refused to do that.
 5          So I'm kind of at a standstill at this point in
 6          time.  I can't just take their idea that this is
 7          somebody that should be a defendant without
 8          actually getting some sworn testimony and sworn
 9          information regarding who it is and what it is
10          and why it is and Mr. Bell is not the correct
11          party.
12                  THE COURT:  All right.  So, again, this
13          is on UMC.  We've now gone through this and
14          you've set two of these motions.  So with
15          respect to the motion to dismiss I'm ready to
16          rule.  I'm granting the motion to dismiss.  Not
17          on the grounds that I can look behind the
18          pleadings and say this is not the proper
19          defendant, but based on the fact that, yes,
20          while you're alleging negligence, you've also
21          made up allegations with respect to a commercial
22          entity that is somehow liable, but those
23          allegations have not been fleshed out.  Both of
24          them together with respect to a driver and an
25          owner, and I am not sure what -- potentially an
```

1    owner or an entity.  So that is a -- that's a

2    difference animal then just a straight

3    negligence, and that needs to be fleshed out.

4    With respect to the driver situation, it sounds

5    like there's been information provided.

6    Mr. Bell has not responded in his own right.  He

7    is not represented.  Again, I'm not going to go

8    behind the pleadings and figure that out at this

9    stage, but it sounds like the information has

10    been provided that would move this case forward.

11         So I'm going to grant the motion on the

12    grounds that I've previously mentioned.  With

13    respect to the additional interrogatories, the

14    rule is very clear.  30 interrogatories without

15    subparts, I've reviewed it, there's multiple

16    subparts.  That's not appropriate to be served

17    with the initial complaint, especially in a

18    personal injury case.  It's very clear what the

19    interrogatories should be, and at this stage I'm

20    going to deny the request for additional

21    interrogatories.  If you want to reserve them or

22    indicate which 30 you want answered, I feel like

23    that may be a more effective means to try to get

24    to the information that you're seeking.  I don't

25    know if Mr. Nicklaus has any position on that,

1    and I did not give him an opportunity, which I

2    understand, but I also have reviewed all of this

3    and we need to move forward.

4              So Mr. Nicklaus, do you have any

5    position on the interrogatories?

6              MR. NICKLAUS:  Well, I agree with the

7    limited 30, your Honor, based on the ruling, but

8    the bottom line is I don't have any problem

9    answering correct interrogatories.  The

10   interrogatories that were sent they are numbered

11   30, but they actually are 50, and if he wants to

12   select the appropriate 30 ones ABF would be

13   happy to respond.  However, I would request that

14   we do that within a reasonable period of time

15   after he amends his complaint, if that's what he

16   intends to do.  If he amends it with the proper

17   defendant.  I mean, Judge, nobody is going to

18   contest in this case that the correct driver

19   that we told him about a year ago on our best

20   letterhead is not the correct driver, but he

21   ought to have the right to appear and assess

22   things as well.  But, yes, I would answer the

23   interrogatories.  To answer your question, yes,

24   we'll answer appropriate interrogatories.  I

25   mean, I usually do, normally do, and motor

1       carriers always do.

2               MR. JORDAN:  Your Honor, I object to

3       Mr. Nicklaus saying that they advised us in

4       terms of that over a year ago, in terms of doing

5       it because the fact that that is not in

6       evidence, that's not an affidavit, that's not --

7       et cetera.  Mr. Klein doesn't even see that he

8       ever had or received the document that they say

9       they sent to begin with and it's not signed.

10      It's not anything to begin with.  So I'm

11      perplexed.  How do I amend to allege that

12      there's somebody else that is a driver that

13      is -- we don't really know who it is.  I need

14      information and the defendant should be directed

15      to at least supply me the information that is,

16      you know, regarding who this guy is that they

17      are claiming is the driver.

18              THE COURT:  Mr. Jordan, the

19      indication -- the representative to the Court is

20      that you've been informed of that information,

21      and as I previously ruled is that is not the

22      basis on which I'm granting the motion to

23      dismiss.  It's that you've alleged a commercial

24      carrier and the driver were negligent and he

25      melted the counts together.  Just a straight

1      negligence.  I need to understand how -- where

2      it is you've alleged negligent maintenance, I

3      need to understand that a little bit better.

4      I'm not addressing the issues with respect to

5      the driver.  It sounds like there's some other

6      things going on that I can't determine at a

7      motion to dismiss stage.  I'm not going to

8      direct them to do anything, because as you've

9      mentioned, it is outside the four corners.  All

10     I know is you've both discussed it.  There's

11     been a representation to the Court that it was

12     provided to you.  If that is not the case, then

13     we can deal with that on a different motion.

14            Additionally, I'm limiting the

15     interrogatories to 30 pursuant to the rule and

16     including subparts.  What you've served is 30,

17     plus 20 something subparts which is over 50 and

18     I'm saying at this stage it's not appropriate.

19     So what I was trying to indicate or ask

20     Mr. Nicklaus, because I didn't give him an

21     opportunity to respond, was that if you went

22     through, once you amended your complaint and

23     limited it to 30, basically that you could

24     figure out which ones you wanted to ask and then

25     direct it that way if he had an issue with that

1        and he said he did not.  So I'm not directing

2        them to do anything at this point.  I didn't

3        make my ruling based on the motion to dismiss

4        based on that, but it sounds like there's been

5        information exchanged.  If it hasn't been

6        exchanged, that's not something I'm going to get

7        involved with right now.

8                MR. JORDAN:  But you're accepting the

9        representation, that's the problem in terms

10       of --

11               THE COURT:  I'm not accepting any

12       representation.  As an officer of the court,

13       that's what he told me.  As an officer of the

14       court, you're saying you didn't get it or that

15       you want further verification.  I'm saying in a

16       motion to dismiss case I'm not making my ruling

17       on that basis.  I'm making the ruling on the

18       deficient pleadings that you're pleading with

19       the commercial carrier and a driver.  I'm not

20       accepting any representation with respect to

21       that driver.  That driver has not filed anything

22       in this case and is not represented by

23       Mr. Nicklaus.  It sounds like there's an issue

24       going on that if the complaint is dismissed and

25       you filed an amended complaint you can sort that

1    out either at that time or once you get the

2    interrogatories straightened out.  If they

3    respond to interrogatories and you indicated

4    that you wanted sworn responses with respect to

5    that, if they answer the interrogatories and

6    then you learn something else in those

7    interrogatories then you can do what you need to

8    do, if that provides additional information.

9           So I'm accepting both of your

10   representations and basically saying at this

11   stage I can't get involved in that.  That's what

12   I'm saying.  So I don't know what is going on

13   behind the scenes other than he's representing

14   one thing and you're representing something else

15   and I accept both of those representations.  I

16   can't make that determination and I'm not going

17   to direct anyone to do anything based on that

18   representation on a motion to dismiss.

19          MR. NICKLAUS:  Your Honor, I understand

20   your ruling.  I'll prepare a proposed order,

21   submit it to opposing counsel on both these

22   motions.

23          THE COURT:  Okay.

24          MR. NICKLAUS:  I'll be happy to do that

25   and I'll be very surprised if Mr. Jordan names

1        Mr. Bell again.

2                THE COURT:  Okay.  Well, we'll see.

3                MR. NICKLAUS:  I appreciate your ruling,

4        thank you very much.

5                THE COURT:  Thank you both very much.

6        Have a good day.

7                MR. JORDAN:  Thank you, your Honor.

8                (Thereupon, the hearing was concluded at

9        9:37 a.m.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                  CERTIFICATE OF SHORTHAND REPORTER

 2

 3      STATE OF FLORIDA  )

 4                        )  SS.

 5      COUNTY OF DADE    )

 6

 7              I, Ashley Muñoz, Notary Public, do

 8      hereby certify that I was authorized to and did

 9      stenographically report the foregoing proceedings

10      and that the transcript is a true and correct

11      transcription of my stenotype notes of the

12      proceedings

13

14              Dated this 20th day of August,

15      2021.

16

17

18

19

20

21      _____

22      Ashley Muñoz

23      Shorthand Reporter

24

25
```

## 1

**1615** [1] - 2:3
**19** [1] - 1:16

## 2

**2.515** [1] - 6:9
**20** [1] - 17:17
**200** [2] - 2:4, 2:7
**2019** [5] - 4:9, 5:6, 5:13, 12:10, 12:12
**2021** [3] - 1:16, 4:7, 21:15
**20th** [2] - 4:6, 21:14
**29** [1] - 6:5

## 3

**30** [9] - 12:25, 14:14, 14:22, 15:7, 15:11, 15:12, 17:15, 17:16, 17:23
**33146** [1] - 2:8
**33401** [1] - 2:4

## 4

**4651** [1] - 2:7

## 5

**50** [2] - 15:11, 17:17
**502021CA006425 XXXXMB** [1] - 1:3
**57.105** [4] - 6:25, 7:7, 10:4, 11:6
**5th** [1] - 5:13

## 6

**6** [1] - 4:9

## 9

**9:15** [1] - 1:17
**9:37** [2] - 1:17, 20:9

## A

**a.m** [3] - 1:17, 20:9
**ABF** [10] - 1:9, 3:8, 4:2, 5:3, 9:8, 10:13, 11:20, 15:12
**above-entitled** [1] - 1:19
**accept** [1] - 9:15
**accepting** [4] - 18:8, 18:11, 18:20, 19:9
**accident** [10] - 4:8,

5:4, 5:19, 5:20, 7:25, 8:23, 10:14, 10:17, 11:4, 11:23
**action** [2] - 10:12, 11:13
**actual** [2] - 5:6, 11:14
**add** [1] - 11:1
**addition** [1] - 10:17
**additional** [2] - 14:13, 14:20, 19:8
**additionally** [1] - 17:14
**address** [7] - 4:14, 8:10, 8:17, 9:2, 9:18, 10:23, 12:18
**addressing** [1] - 17:4
**Administrative** [1] - 1:15
**administrative** [2] - 6:9, 10:1
**admissible** [2] - 5:21, 12:22
**admits** [1] - 7:24
**advised** [3] - 5:15, 5:16, 16:3
**affidavit** [1] - 16:6
**ago** [2] - 15:19, 16:4
**agree** [1] - 15:6
**ahead** [1] - 3:25
**allegation** [2] - 8:23, 9:16
**allegations** [3] - 6:22, 13:21, 13:23
**allege** [4] - 9:1, 9:6, 9:7, 16:11
**alleged** [2] - 16:23, 17:2
**alleges** [2] - 4:17, 5:2
**alleging** [1] - 13:20
**almost** [2] - 4:11, 5:9
**amend** [2] - 11:1, 16:11
**amended** [2] - 17:22, 18:25
**amends** [2] - 15:15, 15:16
**AND** [1] - 1:2
**animal** [1] - 14:2
**Annis** [9] - 5:11, 5:18, 6:19, 7:10, 8:5, 8:9, 8:11, 8:15, 10:22
**ANNIS** [1] - 5:18
**announced** [1] - 13:1
**answer** [8] - 10:24, 11:16, 12:6, 12:25, 15:22, 15:23, 15:24, 19:5
**answered** [1] - 14:22
**answering** [1] - 15:9
**anyway** [1] - 6:5

**AOSC20-23** [1] - 1:15
**appear** [1] - 15:21
**APPEARANCES** [1] - 2:1
**appearances** [1] - 3:3
**applies** [1] - 7:7
**appreciate** [2] - 3:18, 20:3
**appropriate** [4] - 14:16, 15:12, 15:24, 17:18
**approve** [1] - 3:16
**argument** [1] - 4:23
**ARLENE** [1] - 1:6
**Ashley** [3] - 1:21, 21:7, 21:22
**assess** [1] - 15:21
**ASSOCIATES** [1] - 2:6
**attorney** [3] - 6:10, 6:11, 7:3
**Audio** [1] - 1:14
**Audio-Video** [1] - 1:14
**August** [2] - 1:16, 21:14
**authorized** [1] - 21:8
**aware** [9] - 6:1, 6:2, 6:18, 6:20, 6:25, 7:16, 8:3, 9:11, 9:18

## B

**backing** [1] - 5:5
**based** [7] - 9:24, 9:25, 13:19, 15:7, 18:3, 18:4, 19:17
**basis** [4] - 4:12, 16:22, 18:17
**BEACH** [1] - 1:2
**Beach** [1] - 2:4
**begin** [3] - 11:14, 16:9, 16:10
**BEHALF** [2] - 2:2, 2:6
**behalf** [5] - 3:8, 3:11, 4:1, 4:18, 9:15
**behind** [3] - 13:17, 14:8, 19:13
**belief** [1] - 6:13
**Bell** [6] - 5:1, 5:2, 5:24, 6:20, 7:21, 8:16
**bell** [9] - 8:12, 9:2, 9:4, 9:8, 10:15, 11:17, 13:10, 14:6, 20:1
**BELL** [1] - 1:10
**Bell's** [1] - 8:1
**bell's** [1] - 11:21
**best** [2] - 6:12, 15:19
**better** [1] - 17:3
**between** [1] - 9:20
**bit** [1] - 17:3

**Blvd** [1] - 2:7
**book** [1] - 4:12
**bottom** [3] - 6:5, 9:5, 15:8
**bring** [2] - 10:3, 10:6
**BY** [2] - 2:5, 2:8

## C

**calendar** [1] - 3:20
**carrier** [3] - 4:2, 16:24, 18:19
**carriers** [1] - 16:1
**CASE** [1] - 1:3
**case** [14] - 4:3, 4:25, 5:6, 5:25, 7:11, 7:24, 8:15, 8:16, 14:10, 14:18, 15:18, 17:12, 18:16, 18:22
**CERTIFICATE** [1] - 21:1
**certificate** [1] - 6:11
**certify** [1] - 21:8
**cetera** [2] - 12:20, 16:7
**CIRCUIT** [2] - 1:1, 1:1
**cited** [1] - 4:25
**claim** [4] - 5:9, 7:3, 7:6, 12:9
**claiming** [1] - 16:17
**claims** [2] - 5:14, 11:14
**clear** [2] - 14:14, 14:18
**client** [1] - 5:8
**client's** [1] - 5:9
**close** [1] - 6:4
**co** [3] - 5:17, 6:3, 12:10
**co-counsel** [3] - 5:17, 6:3, 12:10
**collision** [1] - 5:5
**commercial** [3] - 13:21, 16:23, 18:19
**Communication** [1] - 1:14
**company** [3] - 4:18, 5:15, 9:20
**complaint** [25] - 4:5, 4:6, 4:10, 4:13, 4:15, 5:2, 6:15, 6:23, 7:18, 8:7, 9:2, 9:11, 9:22, 9:23, 10:12, 10:19, 11:1, 11:9, 11:11, 12:7, 14:17, 15:15, 17:22, 18:24, 18:25
**completely** [1] - 6:24
**concerned** [2] - 12:4, 12:5, 12:19
**concluded** [1] - 20:8
**conflict** [1] - 9:19
**consider** [1] - 6:16

**constitute** [1] - 6:11
**contest** [1] - 15:18
**Coral** [1] - 2:8
**corners** [4] - 4:14, 10:19, 11:9, 17:9
**correct** [6] - 3:16, 13:10, 15:9, 15:18, 15:20, 21:10
**counsel** [14] - 5:7, 5:16, 5:17, 5:24, 6:3, 6:6, 6:23, 7:9, 8:2, 8:8, 10:1, 10:20, 12:10, 19:21
**counsel's** [1] - 7:1
**counts** [1] - 16:25
**COUNTY** [2] - 1:2, 21:5
**court** [2] - 18:12, 18:14
**COURT** [12] - 1:1, 3:3, 3:13, 3:23, 10:7, 10:10, 13:12, 16:18, 18:11, 19:23, 20:2, 20:5
**Court** [8] - 1:14, 6:24, 7:2, 7:4, 9:11, 10:6, 16:19, 17:11
**Court's** [1] - 7:1

## D

**DADE** [1] - 21:5
**DATE** [1] - 1:16
**Dated** [1] - 21:14
**de** [1] - 2:7
**deal** [1] - 17:13
**dealing** [1] - 5:8
**December** [1] - 5:13
**defects** [1] - 9:17
**defendant** [13] - 4:3, 5:1, 5:25, 6:19, 7:11, 7:15, 8:11, 11:17, 13:7, 13:19, 15:17, 16:14
**DEFENDANT** [1] - 2:6
**Defendant** [2] - 3:9, 10:13
**Defendants** [1] - 1:11
**defendants** [1] - 10:20
**defense** [3] - 3:12, 7:4, 10:20
**deficient** [1] - 18:18
**denied** [1] - 12:4
**deny** [1] - 14:20
**determination** [1] - 19:16
**determine** [1] - 17:6
**difference** [1] - 14:2
**different** [1] - 17:13
**direct** [3] - 17:8,



17:25, 19:17
**directed** [1] - 16:14
**directing** [1] - 18:1
**directly** [1] - 12:1
**discovery** [3] - 8:18,
11:18, 11:25
**discussed** [1] - 17:10
**dismiss** [17] - 3:15,
4:5, 4:13, 6:17, 6:20,
7:22, 8:13, 9:3,
11:11, 12:3, 13:15,
13:16, 16:23, 17:7,
18:3, 18:16, 19:18
**dismissed** [5] - 8:8,
9:12, 9:24, 9:25,
18:24
**distasteful** [2] - 6:7,
10:3
**docket** [1] - 3:14
**document** [3] - 6:14,
12:11, 16:8
**DONNA** [1] - 1:5
**driver** [25] - 4:18, 4:24,
5:6, 5:11, 5:12, 5:18,
8:3, 8:14, 8:16, 9:4,
9:20, 9:23, 11:20,
12:9, 13:24, 14:4,
15:18, 15:20, 16:12,
16:17, 16:24, 17:5,
18:19, 18:21
**driver's** [2] - 11:21,
12:18
**driving** [2] - 10:16,
11:23

## E

**Edward** [4] - 2:8, 2:9,
3:8, 6:3
**edward** [1] - 3:11
**effective** [1] - 14:23
**either** [4] - 5:21, 7:1,
9:3, 19:1
**employed** [4] - 5:3,
9:8, 10:23
**employee** [1] - 10:15
**enable** [1] - 8:24
**end** [1] - 3:19
**entitled** [2] - 1:19,
11:15
**entity** [2] - 13:22, 14:1
**error** [1] - 8:1
**especially** [2] - 3:24,
14:17
**Esquire** [3] - 2:5, 2:8,
2:9
**establish** [1] - 7:6
**et** [2] - 12:19, 16:7
**event** [1] - 8:21
**evidence** [2] - 5:21,

16:6
**exchanged** [2] - 18:5,
18:6
**exists** [2] - 11:18, 12:8
**extension** [1] - 7:21

## F

**fact** [5] - 4:16, 11:2,
11:22, 13:19, 16:5
**facts** [4] - 4:20, 7:6,
8:22, 8:24
**far** [2] - 11:12, 12:5
**FIFTEENTH** [1] - 1:1
**figure** [2] - 14:8, 17:24
**file** [3] - 7:8, 10:5,
11:15
**filed** [7] - 4:6, 4:7,
5:13, 6:1, 7:24,
18:21, 18:25
**filing** [1] - 5:14
**filling** [1] - 7:25
**first** [2] - 4:20, 8:22
**five** [1] - 3:21
**fleshed** [2] - 13:23,
14:3
**FLORIDA** [2] - 1:2,
21:3
**Florida** [6] - 1:14,
1:21, 1:22, 2:4, 2:8,
11:12
**following** [1] - 3:1
**follows** [1] - 11:11
**FOR** [1] - 1:2
**foregoing** [1] - 21:9
**form** [3] - 4:12, 11:12
**Forum** [1] - 2:3
**forward** [2] - 14:10,
15:3
**four** [5] - 4:14, 6:22,
10:18, 11:9, 17:9
**frame** [1] - 9:21
**frankly** [2] - 11:6,
11:19
**FREIGHT** [1] - 1:9
**Freight** [2] - 10:13,
11:20

## G

**Gables** [1] - 2:8
**GELIN** [1] - 1:5
**Gillman** [1] - 1:20
**given** [1] - 7:21
**grant** [1] - 14:11
**granting** [3] - 13:16,
16:22
**grounds** [8] - 4:16,
4:20, 6:13, 7:18,
8:13, 13:17, 14:12

**guardian** [1] - 1:6
**guess** [1] - 3:19
**guy** [3] - 9:5, 10:21,
16:16

## H

**half** [1] - 4:11
**happy** [2] - 15:13,
19:24
**hearing** [2] - 1:20,
20:8
**held** [1] - 3:2
**hereby** [1] - 21:8
**hi** [1] - 10:9
**HILL** [1] - 1:5
**HILL-GELIN** [1] - 1:5
**himself** [1] - 8:17
**Honor** [13] - 3:6, 3:7,
3:11, 3:17, 4:1, 9:9,
10:9, 10:11, 12:24,
15:7, 16:2, 19:19,
20:7
**Honorable** [1] - 1:20

## I

**idea** [2] - 11:6, 13:6
**important** [2] - 6:17,
8:14
**importantly** [1] - 4:22
**IN** [2] - 1:1, 1:1
**inaccurate** [1] - 7:19
**INC** [1] - 1:9
**incident** [1] - 8:4
**including** [1] - 17:16
**indicate** [2] - 14:22,
17:19
**indicated** [1] - 19:3
**indication** [1] - 16:19
**information** [14] -
6:13, 10:25, 11:22,
12:8, 13:4, 13:9,
14:5, 14:9, 14:24,
16:14, 16:15, 16:20,
18:5, 19:8
**informed** [1] - 16:20
**initial** [1] - 14:17
**initiation** [2] - 7:1, 7:2
**injury** [1] - 14:18
**intends** [1] - 15:16
**interrogatories** [20] -
3:16, 10:24, 12:5,
12:6, 12:25, 13:1,
14:13, 14:14, 14:19,
14:21, 15:5, 15:9,
15:10, 15:23, 15:24,
17:15, 19:2, 19:3,
19:5, 19:7
**involved** [5] - 4:3,

10:14, 11:4, 18:7,
19:11
**involves** [1] - 4:8
**issue** [4] - 9:14, 10:4,
17:25, 18:23
**issues** [1] - 17:4

## J

**JOHNSON** [1] - 1:5
**Jordan** [11] - 2:5, 3:5,
5:16, 6:18, 7:22,
7:23, 8:2, 10:10,
16:18, 19:25
**JORDAN** [8] - 1:5, 2:3,
3:5, 10:9, 10:11,
16:2, 18:8, 20:7
**JR** [1] - 2:3
**Jr** [1] - 2:5
**Judge** [3] - 1:20, 6:4,
15:17
**judgment** [1] - 12:1
**judicial** [2] - 6:8, 9:25
**JUDICIAL** [1] - 1:1

## K

**kind** [1] - 13:5
**Klein** [2] - 5:17, 16:7
**knowledge** [1] - 6:12
**known** [2] - 6:5, 7:3
**knows** [1] - 10:1

## L

**Large** [1] - 1:22
**large** [1] - 4:2
**lawsuit** [1] - 6:1
**lawyer** [1] - 6:9
**learn** [1] - 19:6
**least** [1] - 16:15
**leaving** [1] - 5:24
**Leon** [1] - 2:7
**letter** [1] - 5:13
**letterhead** [2] - 5:15,
15:20
**liability** [2] - 9:1, 9:6
**liable** [1] - 13:22
**license** [2] - 11:21,
12:19
**limited** [2] - 15:7,
17:23
**limiting** [1] - 17:14
**line** [3] - 6:5, 9:5, 15:8
**listed** [1] - 10:16
**LOCATION** [1] - 1:14
**look** [3] - 7:14, 11:10,
13:17
**looking** [1] - 10:18
**looks** [2] - 3:14, 4:11

## M

**maintenance** [3] -
4:19, 9:14, 17:2
**MARK** [1] - 1:10
**Mark** [1] - 5:1
**material** [1] - 7:5
**matter** [2] - 8:19, 9:9
**matters** [1] - 3:14
**mean** [3] - 9:16, 15:17,
15:25
**means** [1] - 14:23
**melted** [1] - 16:25
**mention** [1] - 6:21
**mentioned** [2] - 14:12,
17:9
**might** [1] - 7:20
**minutes** [1] - 3:21
**mistake** [2] - 5:19,
12:14
**morning** [3] - 3:7,
3:10, 3:19
**most** [1] - 6:17
**mother** [1] - 1:6
**motion** [22] - 3:15,
4:5, 4:14, 6:17, 7:8,
8:13, 8:20, 9:3, 10:5,
11:10, 12:1, 12:3,
13:15, 13:16, 14:11,
16:22, 17:7, 17:13,
18:3, 18:16, 19:18
**motions** [3] - 3:24,
13:14, 19:22
**motor** [2] - 4:2, 15:25
**move** [2] - 14:10, 15:3
**MR** [14] - 3:5, 3:7,
3:10, 3:17, 4:1, 10:9,
10:11, 15:6, 16:2,
18:8, 19:19, 19:24,
20:3, 20:7
**multiple** [1] - 14:15
**Muñoz** [3] - 1:21, 21:7,
21:22

## N

**name** [9] - 5:10, 5:12,
6:18, 7:10, 7:15, 8:1,
8:9, 8:10, 10:22
**named** [3] - 7:13,
8:11, 9:22
**names** [1] - 19:25
**natural** [1] - 1:6
**necessary** [1] - 7:6
**need** [9] - 8:10, 10:19,
11:17, 12:15, 15:3,
16:13, 17:1, 17:3,
19:7
**needs** [1] - 14:3
**negligence** [3] -



13:20, 14:3, 17:1
**negligent** [6] - 4:17, 4:19, 8:21, 9:14, 16:24, 17:2
**nicklaus** [3] - 14:25, 17:20, 18:23
**NICKLAUS** [9] - 2:6, 3:7, 3:10, 3:17, 4:1, 15:6, 19:19, 19:24, 20:3
**Nicklaus** [9] - 2:8, 2:9, 3:8, 3:11, 6:3, 10:7, 11:5, 15:4, 16:3
**NO** [1] - 1:3
**nobody** [1] - 15:17
**none** [1] - 12:20
**nonentity** [1] - 9:22
**normally** [1] - 15:25
**Notary** [2] - 1:22, 21:7
**notes** [1] - 21:11
**notice** [1] - 5:13
**numbered** [1] - 15:10

## O

**object** [1] - 16:2
**obstructive** [1] - 8:18
**occurred** [1] - 5:5
**OF** [6] - 1:1, 2:2, 2:6, 21:1, 21:3, 21:5
**offended** [1] - 11:7
**officer** [3] - 7:25, 18:12, 18:13
**ON** [2] - 2:2, 2:6
**once** [2] - 17:22, 19:1
**one** [2] - 4:16, 19:14
**ones** [2] - 15:12, 17:24
**operating** [1] - 5:3
**operation** [2] - 4:17, 8:22
**opportunity** [3] - 8:17, 15:1, 17:21
**opposing** [2] - 5:7, 19:21
**order** [1] - 19:20
**Order** [1] - 1:15
**ought** [1] - 15:21
**outside** [4] - 6:22, 7:20, 12:21, 17:9
**own** [2] - 7:23, 14:6
**owned** [1] - 10:13
**owner** [2] - 13:25, 14:1

## P

**P.A** [1] - 2:6
**PA** [1] - 2:3
**page** [1] - 4:10
**pages** [1] - 4:11

**Paige** [1] - 1:20
**Palm** [1] - 2:4
**PALM** [1] - 1:2
**part** [1] - 9:1
**party** [3] - 7:13, 12:16, 13:11
**period** [1] - 15:14
**perplexed** [1] - 16:11
**persist** [2] - 5:24, 6:6
**persists** [2] - 7:16, 10:2
**person** [5] - 10:16, 11:3, 11:19, 12:13, 13:3
**personal** [2] - 8:18, 14:18
**PHILMORE** [1] - 1:6
**Place** [1] - 2:3
**plaintiff** [2] - 4:17, 9:12
**PLAINTIFF** [1] - 2:2
**Plaintiff** [1] - 3:6
**plaintiff's** [5] - 3:15, 5:16, 5:24, 8:2, 8:8
**Plaintiffs** [1] - 1:7
**pleading** [1] - 18:18
**pleadings** [5] - 7:23, 11:25, 13:18, 14:8, 18:18
**pled** [1] - 4:21
**plus** [1] - 17:17
**point** [4] - 4:23, 11:15, 13:5, 18:2
**police** [2] - 5:19, 7:24
**Ponce** [1] - 2:7
**position** [3] - 12:14, 14:25, 15:5
**potential** [1] - 9:20
**potentially** [1] - 13:25
**pre** [1] - 5:8
**pre-suit** [1] - 5:8
**prepare** [2] - 8:25, 9:15, 19:20
**presented** [2] - 4:13, 7:4
**pretty** [1] - 6:4
**previously** [2] - 14:12, 16:21
**problem** [2] - 15:8, 18:9
**proceed** [1] - 8:12
**proceedings** [3] - 3:1, 21:9, 21:12
**Professional** [1] - 1:21
**proper** [5] - 6:18, 8:25, 12:16, 13:18, 15:16
**proposed** [1] - 19:20
**provide** [5] - 10:21,

10:25, 11:18, 12:7, 13:3
**provided** [4] - 12:21, 14:5, 14:10, 17:12
**provides** [2] - 11:21, 19:8
**Public** [1] - 1:22, 21:7
**Pursuant** [1] - 1:14
**pursuant** [1] - 17:15
**put** [2] - 7:25, 8:1

## R

**ready** [1] - 13:15
**real** [1] - 9:9
**really** [11] - 3:23, 4:10, 4:21, 5:22, 6:21, 7:7, 7:9, 7:18, 8:6, 9:21, 16:13
**reasonable** [1] - 15:14
**reasons** [1] - 5:23
**received** [1] - 16:8
**record** [1] - 7:20
**refuse** [2] - 10:24, 12:5
**refused** [2] - 10:20, 13:4
**refuses** [1] - 6:19
**regard** [5] - 4:15, 6:16, 9:13, 9:19, 10:5
**regarding** [4] - 11:18, 11:22, 13:9, 16:16
**regards** [2] - 8:7, 9:22
**relating** [1] - 12:12
**relation** [1] - 6:4
**relationship** [1] - 12:22
**rely** [1] - 6:24
**Remote** [1] - 1:14
**report** [5] - 5:20, 7:25, 10:17, 21:9
**Reporter** [1] - 1:21, 21:23
**REPORTER** [1] - 21:1
**represent** [2] - 4:2, 8:16
**representation** [5] - 17:11, 18:9, 18:12, 18:20, 19:18
**representations** [2] - 19:10, 19:15
**representative** [2] - 5:14, 16:19
**representatives** [1] - 5:9
**represented** [2] - 14:7, 18:22
**representing** [2] - 19:13, 19:14
**request** [2] - 14:20,

15:13
**require** [2] - 11:8, 12:24
**required** [1] - 9:13
**requires** [1] - 6:9
**reserve** [1] - 14:21
**respect** [8] - 13:15, 13:21, 13:24, 14:4, 14:13, 17:4, 18:20, 19:4
**respects** [1] - 7:19
**respond** [3] - 15:13, 17:21, 19:3
**responded** [1] - 14:6
**response** [4] - 8:25, 9:15, 9:21, 11:13
**responses** [1] - 19:4
**reviewed** [2] - 14:15, 15:2
**Ronald** [1] - 5:17
**ROY** [1] - 2:3
**Roy** [2] - 2:5, 3:5
**rule** [4] - 7:16, 13:16, 14:14, 17:15
**Rule** [2] - 6:9, 6:25
**ruled** [1] - 16:21
**rules** [3] - 6:8, 9:25, 11:8
**ruling** [6] - 15:7, 18:3, 18:16, 18:17, 19:20, 20:3

## S

**sanctions** [1] - 7:8
**scenes** [1] - 19:13
**scope** [1] - 12:21
**second** [3] - 4:19, 4:22, 8:20
**see** [2] - 16:7, 20:2
**seeking** [1] - 14:24
**select** [1] - 15:12
**sent** [3] - 12:12, 15:10, 16:9
**serve** [1] - 12:16
**served** [7] - 7:12, 8:19, 12:6, 12:25, 14:16, 17:16
**set** [3] - 3:13, 3:24, 13:14
**shall** [1] - 6:11
**SHORTHAND** [1] - 21:1
**Shorthand** [1] - 21:23
**sign** [1] - 7:18
**signature** [1] - 6:10
**signed** [1] - 16:9
**signs** [1] - 7:17
**simple** [1] - 9:9
**simply** [1] - 9:12

**situation** [1] - 14:4
**skip** [2] - 11:24, 11:25
**slight** [1] - 6:3
**small** [1] - 5:5
**sort** [1] - 18:25
**sounds** [5] - 14:4, 14:9, 17:5, 18:4, 18:23
**SS** [1] - 21:4
**stage** [5] - 14:9, 14:19, 17:7, 17:18, 19:11
**standard** [1] - 11:11
**standstill** [1] - 13:5
**start** [3] - 4:23, 8:8, 9:13
**State** [1] - 1:22
**STATE** [1] - 21:3
**states** [2] - 10:12
**stating** [1] - 11:12
**stenographically** [1] - 21:9
**stenotype** [1] - 21:11
**straight** [2] - 14:2, 16:25
**straightened** [1] - 19:2
**street** [1] - 12:18
**stuff** [1] - 12:19
**submit** [1] - 19:21
**submitted** [1] - 11:13
**subparts** [4] - 14:15, 14:16, 17:16, 17:17
**sued** [1] - 4:24
**suit** [1] - 5:8
**Suite** [2] - 2:4, 2:7
**summary** [1] - 14:1
**supply** [1] - 16:15
**support** [2] - 6:14, 8:23
**supported** [1] - 7:5
**supposed** [1] - 12:16
**supposedly** [1] - 10:21
**Supreme** [1] - 1:14
**surprised** [1] - 19:25
**sworn** [4] - 12:20, 13:8, 19:4
**System** [1] - 10:13
**SYSTEM** [1] - 1:9

## T

**terms** [6] - 11:10, 12:4, 12:10, 16:4, 18:9
**testimony** [2] - 12:20, 13:8
**THE** [15] - 1:1, 2:2, 2:6, 3:3, 3:13, 3:23, 10:7, 10:10, 13:12,

*Jeannie Reporting*
Your Wish Is Our Job!   www.jeanniereporting.com
305-577-1705

16:18, 18:11, 19:23,
20:2, 20:5
**theirs** [1] - 10:15
**Thereupon** [2] - 3:1,
20:8
**they've** [1] - 13:1
**third** [2] - 6:16, 9:5
**three** [2] - 4:12, 4:15
**tier** [3] - 6:16, 6:17,
8:22
**TIME** [1] - 1:17
**together** [2] - 13:24,
16:25
**totally** [1] - 12:21
**tractor** [2] - 5:4, 8:4
**tractor-trailer** [2] - 5:4,
8:4
**trailer** [2] - 5:4, 8:4
**transcript** [1] - 21:10
**transcription** [1] -
21:11
**truck** [2] - 10:14,
11:20
**true** [1] - 21:10
**try** [1] - 14:23
**trying** [1] - 17:19
**two** [6] - 3:14, 3:24,
4:11, 4:20, 5:9,
13:14

## U

**UMC** [2] - 3:14, 13:13
**under** [1] - 6:25
**unverified** [1] - 11:3
**up** [4] - 10:3, 10:6,
11:5, 13:21

## V

**vehicle** [3] - 9:17,
10:17, 11:23
**verification** [1] - 18:15
**verify** [1] - 12:11
**vicarious** [2] - 9:1, 9:6
**Video** [1] - 1:14
**violates** [1] - 7:16
**vs** [1] - 1:8

## W

**wants** [1] - 15:11
**West** [1] - 2:4
**wonder** [1] - 11:19
**word** [1] - 11:2
**words** [1] - 4:21
**world** [1] - 11:20
**writing** [1] - 6:1

## Y

**year** [3] - 4:7, 15:19,
16:4
**years** [2] - 5:10, 6:5